Bascom A. RHODES, Appellant,

v.

J. A. SHERROD, Appellee.

No. 3954.

Court of Civil Appeals of Texas.

Eastland.

March 26, 1965.

Roy A. Jones, Paducah, for appellant.

James M. Gerdeman, Lubbock, for appellee.

GRISSOM, Chief Justice.

On May 11, 1964, J. A. Sherrod sued Bascom A. Rhodes for damages caused by a collision on February 3, 1964. On June 1, 1964, the defendant filed an answer and cross action. On the afternoon of July 14, 1964, after a trial on the merits with defendant absent, the court rendered judgment for the plaintiff for $333.44 and that the defendant take nothing on his cross action. The defendant has appealed.

Appellant's first point is that the court erred in setting the case for trial on the day following appearance day, at the request of appellee's counsel, without notice to or negligence of appellant's counsel, with the fraudulent intention to take unfair advantage of appellant. This point must be overruled because the facts asserted therein were not established. It was not established that the cause was set for trial on the day following appear-

ance day, or at the request of appellee, or without notice to appellant, nor was fraud established.

Points 2 and 3 are that the court erred in rendering a "default" judgment on appearance day, or the day following, because appellant had timely filed an answer and cross action. No default judgment was rendered. There was a trial on the merits. The 4th point is that the court erred in ignoring appellant's letter requesting the Clerk to notify him of the setting of the case. The 6th point is that the court erred in overruling appellant's motion for a new trial, when the court discovered that appellee's attorney had requested the court to set the cause for trial on the day following appearance day, without notice to appellant's counsel, without negligence on the part of appellant's counsel and with the fraudulent intention to take unfair advantage of appellant. The judgment recites that appellant was duly served with process and answered; that the Judge in open court regularly called said case in its order on the docket "after due notice of setting to Defendant"; that plaintiff announced ready for trial and the court proceeded to trial and considered plaintiff's evidence and argument and it appeared that appellant was negligent and that his negligence was a proximate cause of appellee's damage, etc. It was not established that appellee's counsel requested the court to set the cause for trial at the time it was set or that he was guilty of any fraud. Appellant's counsel admitted that he received notice that the case was set for trial on July 13th, at 9:00 A.M. His real excuse for not appearing seems to be that the notice showed many cases were set for trial on July, 13th and he didn't think his case would be reached as soon as it was.

Appellant's motion for a new trial is in substance as follows: (1) that he had filed an answer and cross action and delivered a copy to the attorney for appellee; (2) that "appellant was not informed of the date of the trial", although he requested the County Clerk to notify him; (3) that appellee's attorney knew he intended to present his side of the controversy, but he obtained a "default" judgment because he knew of his meritorious defense and the validity of his cross action; (4) that appellee's attorney perpetrated a fraud on the court when he requested a "default" judgment, knowing that appellant desired to be heard, and (5) that appellant's attorney had requested the court to notify him of the date the case was set for trial but was never advised.

Testimony was introduced by appellant on his motion for a new trial. The evidence showed that the court, in accord with its rules and custom and the rules of procedure, timely mailed a notice to appellant's counsel of a setting of said cause for trial on Monday the 13th day of July, 1964, at 9:00 o'clock a. m. at which time approximately 38 cases were set for trial, this cause being number 27 on said list, and that appellant timely received it. Appellant's counsel testified that he was about to go to Lubbock to see about the case in the early hours of Monday the 13th of July when he was notified that he was desired as a pallbearer for one of his friends; that he was notified that he was wanted as a pallbearer about 8:00 or 9:00 o'clock a. m. on July 13th; that he had intended to go to Lubbock that morning and get the "date" set but when he was asked to act as a pallbearer he didn't think he could get to Lubbock and back in time, that he was afraid to take that chance; that he didn't call the court or anyone by telephone but that he should have and that appellant's counsel didn't expect his case to be reached as soon as it was.

Appellant was duly and timely notified of the setting of the case for trial in accord with the custom of the court and the rules of procedure. Regardless of his good intentions he did not appear on that day, nor the following day, on the afternoon of which the case was tried without his presence. It is not shown that he went

to court or further contacted anyone about the time of trial until several days later when he received a copy of the judgment rendered against appellant. No fraud was established. Other points are presented, including those asserting appellant was denied the due process of law guaranteed by the Constitutions of Texas and the United States. We think they are without merit and they are overruled.

It is evident that the court had the right to find the absence of fraud by appellee inducing appellant's failure to appear for trial, as well as the negligence of the appellant. The conclusion is compelled that abuse of discretion is not shown. The judgment is affirmed.