**P. B. CATE, Appellant,**

v.

**Samuel O. BEENE et ux., Appellee.**

**No. 4796.**

Court of Civil Appeals of Texas.

Waco.

April 17, 1969.

Rehearing Denied May 8, 1969.

Tom Beard, Hillsboro, for appellant.

Gallagher, Wilson, Berry & Jorgenson, Dallas, Bond & Meroney, Teague, Jerry F. McCarty, Ennis, for intervenor.

### OPINION

WILSON, Justice.

The question in this case is whether the court properly denied defendant's motion to set aside a default judgment.

Plaintiff's petition in this suit for personal injuries and property damage arising from an automobile collision was filed Oc-

tober 6, 1966. Defendant promptly filed an answer containing a general denial and a general allegation of contributory negligence. A month later defendant's counsel on motion withdrew as attorney of record with the court's permission. In May, 1967 another attorney filed defendant's amended answer containing detailed specifications of negligence on the part of plaintiff, a cross-action for personal injuries and property damage and a plea of unavoidable accident.

The second attorney withdrew on August 19, 1967 as defendant's attorney of record. October 3, 1967 defendant filed a motion for continuance on the ground he had employed new counsel on that date who had insufficient time to prepare for trial, set for October 16. This motion was granted. On July 2, 1968, shortly before the case was re-set for trial, these attorneys likewise filed a motion to withdraw, which was granted. The case was set and called for trial July 9, 1968 but on that day again defendant's lawyer "resigned", and defendant was told by the court the case would be tried September 3. The next attorney employed by defendant withdrew from employment a few days before September 3. Defendant told the court he would appear for trial on that date and would represent himself without an attorney. The court informed him when and where a jury fee could be paid.

On July 9, 1968 defendant agreed that his cross-action should be dismissed, but by error an order dismissing the entire case was submitted and signed on August 10. This order was set aside on motion and the cause was reinstated by order on August 30, 1968.

The case had then been set six times.

Defendant acknowledged notice of the September 3 setting on July 9 and August 31. No jury fee was paid. On September 3 the court waited one hour for defendant but he did not appear. The court then conducted an extensive hearing of evidence both as to liability and damages, and rendered judgment for plaintiff for $20,000. The judgment was signed September 20.

Defendant filed a motion for new trial October 1, amended later to allege he was not represented by counsel at the trial, at which time he was in the hospital to which he had been admitted the day before the trial. He alleged also that he had not been given notice of the motion for, or order of reinstatement. The motion was not verified, and did not refer to a meritorious defense nor allege any facts to constitute such defense.

At the hearing on the motion for new trial defendant acknowledged he had notice of the September 3 setting; that the court told him the case would definitely be tried on that date, and if he desired an attorney he should employ one. He testified he unsuccessfully attempted to employ counsel; that "not having a lawyer" made him nervous, and "had I not been without a lawyer I wouldn't have been nervous", and "wouldn't have had the nervous spasms or rash". He talked to the trial judge on Friday or Saturday before the trial on Tuesday. "I told him I was sick and I was too nervous and I wasn't able to go to court on the thing. I didn't have a lawyer and wasn't able to go without a lawyer". The judge replied that the case would go to trial. Defendant did not tell the judge he would not be present.

Defendant's physician testified he admitted defendant to the hospital on September 2 on defendant's complaints that he was nervous, dizzy, constipated, and had a general rash: "The main thing that brought him to the hospital was the extreme nervousness together with the rash". He testified hospitalization was necessary. Asked whether defendant could have attended court if he had not been hospitalized, the doctor testified, "I don't know whether he could or not," and that "for the most part the main result is discomfort; it is not anything disabling". Defendant did not tell the doctor about the

pending trial or setting. He knew the case was set for trial when he went to the hospital, he testified, but made no effort then or thereafter to notify the court he was in the hospital.

 We are unable to hold under this evidence that the trial court was not authorized to find the failure of defendant to appear was intentional or the result of conscious indifference, the test prescribed in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126.

The Supreme Court has stated the requirements for setting aside a default judgment by either a motion for new trial under Rule 329b, Texas Rules of Civil Procedure, or by a bill of review, in the case of Ivy v. Carrell (Tex.Sup.1966) 407 S.W.2d 212, 213, 214. The motion or bill must set up a meritorious defense by alleging "facts which in law would constitute a defense", the Supreme Court there said in a case involving a motion for new trial.

It is then necessary for defendant to support the motion "by affidavits or other evidence proving prima facie that the defendant has such meritorious defense,"; City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221, 222; Ivy v. Carrell, above.[1]

The parties brief the question of whether the evidence adduced at the hearing on the motion showed a meritorious defense. There may be doubt as to whether that test was met, but it is unnecessary to decide the question.

The motion did not comply with the requirement specified in the cited authorities that the "motion must allege facts which in law would constitute a defense", which requires that the judgment be affirmed. Ivy v. Carrell (Tex.Sup.1966) 407

S.W.2d 212, 214; Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126; City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221, 222; 37 Tex.L. Rev. 208, 219.

Affirmed.

---

[1]. The bill of review proceeding requires more: the issues of negligence or fault and meritorious defense are tried together "in a single full-blown trial" in which "every issue must be disposed of, and relief denied or granted." It involves more than the mere vacating of the default judgment. Ivy v. Carrell, above, 407 S.W.2d at p. 214; 37 Tex.L.Rev. 208, 219.