**Patsy MURRAY et al., Appellants,**

v.

**Jenny DAHLEM, Appellee.**

No. 4782.

Court of Civil Appeals of Texas, Eastland.

April 11, 1975.

Randy Taylor, Dallas, for appellants.

Albert L. Holman, Zimring & Warner, Dallas, for appellee.

McCLOUD, Chief Justice.

The question presented is whether the court properly denied defendants' motion for new trial following a default judgment.

Plaintiff, Jenny Dahlem, sued defendants, Patsy Murray and Lacy Murray, for conversion. Defendants answered and were later notified the case was set for trial on June 12, 1974. Neither defendants nor their attorney appeared on that date and the court entered a default judgment against them. On June 21, 1974, defendants filed a motion for new trial which was denied.

Defendants, Patsy Murray and Lacy Murray, have appealed. We affirm.

The record reflects that all parties were notified on February 19, 1974, that the instant case was set for trial on June 12, 1974. Defendants' attorney was also scheduled to appear for oral argument before the Court of Criminal Appeals in Austin on that date.

Defendants' attorney testified that he first became aware of the conflicting settings in the afternoon of June 10. He stated it was his habit to try to stay "twen-

ty-four or forty-eight hours ahead." The next morning, June 11, he talked to the County Court at Law clerk regarding the conflicting settings. The attorney testified he was told by the clerk that it would be alright and that she would make a "note" of it and put it in the file. The attorney stated he asked if he should do anything else and was told by the clerk that telling her of the conflict was "usually sufficient." He stated the clerk instructed him to contact plaintiff's attorney and notify him of the conflict.

Defendants' attorney testified that sometime between lunch and 5:00 p. m. on June 11, he notified the opposing attorney's office of the conflict. Defendants' attorney stated he talked with plaintiff's attorney, however, plaintiff's attorney denies any such conversation occurred. Plaintiff's attorney stated the conversation was between his secretary and defendants' attorney. In any event defendants' attorney was told the case would not be passed by agreement.

Defendants' attorney further testified he was prevented from flying to Austin on the morning of June 12, because of bad weather, and when he returned to his office on June 13, he discovered judgment had been entered by the court on June 12.

Defendants' attorney stated that as a result of his conversation with the clerk he believed the case had been passed or would be passed and he failed to appear because of his attempt to appear before the Court of Criminal Appeals in Austin.

The evidence shows that defendants' attorney, after having been told the case would not be passed by agreement, made no attempt to file a motion for continuance, or contact the judge of the County Court at Law.

We hold the trial court was authorized to find the failure of defendants' attorney to appear was intentional or the result of conscious indifference. Cate v. Beene, 440 S.W.2d 389 (Tex.Civ.App.—Waco 1969, writ

ref'd); Ivy v. Carrell, 407 S.W.2d 212 (Tex. 1966).

The judgment of the trial court is affirmed.