Clinton **MANGES** et al., Appellants,

v.

**RAGSDALE ENGINEERING COMPANY, Appellee.**

No. 6110.

Court of Civil Appeals of Texas, Waco.

Oct. 25, 1979.

Rehearing Denied Dec. 6, 1979.

Max J. Luther, III, Barnhart & Luther, Corpus Christi, for appellants.

Curtis B. Dyer, Grose, Erck & Dyer, Alice, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Manges and Duval County Ranch Company from joint and several judgment against them in suit on a note.

Plaintiff Ragsdale Engineering Company sued defendants Manges and Duval County Ranch Company on a note.

Defendants filed answer and a first amended answer.

The case was set for trial for Monday, November 27, 1978, and attorneys for plaintiff and defendants appeared at the docket call. Two cases preceded this case on the docket. The court placed this case "on call" for trial. Plaintiff's counsel stayed available, and defendants' counsel commenced trial of a case in an adjoining county. The court's docket developed so that on Thursday, November 30, 1978, this case was reached for trial. Plaintiff's counsel announced ready and the court proceeded to hear plaintiff's testimony. At the conclusion of plaintiff's testimony the court announced defendants would be given until December 7, 1978 to present whatever evidence they had in defense; that the court would not render judgment until after that date; and noted on the docket that defendants had until December 7, 1978 to present evidence. On the night of November 30, plaintiff's counsel telephoned defendants' counsel at his residence and advised him of the foregoing. On December 5, 1978 defendants filed a motion for mistrial, and on January 19, 1979 filed motion for a continuance; but never offered any evidence to the trial court by way of defense to plaintiff's cause of action either before December 7, 1978 or after such date.

On January 19, 1979 the trial court entered judgment for plaintiff for the amount of the note sued on plus accrued interest.

On January 23, 1979 defendants filed motion for new trial which was heard and overruled on that date.

Defendants appeal on 7 points.

Points 1 through 6 contend the trial court erred in proceeding to trial on November 30 in the absence of defendants' counsel; that such action deprived defendants of the right to interpose a meritorious defense to plaintiff's suit; that their counsel was unavoidably absent; was trying a case in another county; and defendants' counsel had not been notified of the November 30 setting by the court.

This case was set for November 27 and counsel for plaintiff and defendants were present. The case was third on the docket, and the court placed this case "on call", and reached it on November 30. In the meantime counsel for defendants commenced the trial of another case in another county. It became evident the case would be reached for trial on November 30, and counsel for plaintiff telephoned defendants' counsel's office and told his secretary the case was on call and he was going to keep him in trial. The secretary told counsel for plaintiff that defendants' counsel was set for trial in another county. Counsel for defendant did not appear, did not file motion for continuance, but tried a case in the adjoining county.

The trial court commenced trial of this case, heard plaintiff's evidence, and then recessed the trial giving defendants to December 7, to present their evidence of defense.

Counsel for plaintiff telephoned counsel for defendants on the night of November 30 and advised him of the foregoing.

Counsel for defendants did not before or after December 7, present their evidence in defense of plaintiff's cause of action to the trial court.

Rule 247 TRCP provides: "Every suit shall be tried when it is called, unless continued or postponed to a future [date] of the term or placed at the end of the docket to be called again for trial in its regular order".

No continuance or postponement was granted in this case. It was put "on call" on November 27 and it was defendants' counsel's responsibility to be available for trial.

■ We cannot say the trial court erred in commencing the trial on November 30. *Rhodes v. Sherrod*, (Eastland, Tex.Civ. App.), 389 S.W.2d 121; *Plains Growers, Inc. v. Jordan*, Tex., 519 S.W.2d 633.

Point 7 asserts the trial court erred in overruling defendants' motion for new trial.

The rule applicable to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer *and those entered on failure to appear for trial* is set forth in *Ivy v. Carrell*, Tex., 407 S.W.2d 212 and is:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff".

Under the record the trial court was authorized to find the failure of defendants' counsel to appear on November 30 or December 7 was intentional or the result of conscious indifference. *Murray v. Dahlem* (Eastland, Tex.Civ.App.), nwh 524 S.W.2d 409.

And *Ivy v. Carrell*, supra, requires the motion for new trial "set up a meritorious defense" which means "The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by plaintiff".

■ Defendants have not alleged facts which in law would constitute a defense to plaintiff's cause of action. *Cate v. Beene* (Waco, Tex.Civ.App.), er. ref., 440 S.W.2d 389.

All defendants' points are overruled.

AFFIRMED.