**Clifford BROWN, Appellant,**

v.

**Ellen Hammonds BROWN, Appellee.**

**No. 5331.**

Court of Civil Appeals of Texas, Eastland.

Nov. 15, 1979.

Rehearing Denied Dec. 13, 1979.

Eric Eades, Jr., Eades & Eades, Gayle E. Oler, Oler & Hoffman, Dallas, for appellant.

Thomas P. Goranson, Robert Milbank, Jr., W. Michael Byrd, Jr., Akin, Gump, Hauer & Feld, Dallas, for appellee.

McCLOUD, Chief Justice.

This is an appeal of a default judgment divorce case. The defendant husband answered, but neither he nor his attorney appeared at trial.

On February 22, 1978, Ellen Hammonds Brown sued Clifford Brown for divorce and sought a division of the property. Defendant's original attorney was notified in writing on April 20 that the case was set for trial on the nonjury docket for August 28. On August 9, defendant paid a jury fee and filed a "motion to dismiss" alleging that plaintiff lacked residential qualifications. On August 10, the court ordered the case to

be placed on the jury docket and set defendant's motion to dismiss for August 30. On August 28, the court called the case and proceeded to trial, without a jury, in the absence of defendant and his attorney. At the conclusion of the trial, the court granted plaintiff a divorce and divided the property. Defendant's motion for new trial was overruled. Findings of fact and conclusions of law were neither requested nor filed. We modify and affirm.

██ The rule to be applied to default judgments entered on failure of the defendant or his attorney to appear for trial was stated in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966) as follows:

> The correct rule applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:
>
>> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

In the instant case, the defendant failed to properly allege a "meritorious defense." The motion fails to contain allegations of fact which in law constitute a meritorious defense to plaintiff's cause of action. *Ivy v. Carrell*, supra. Furthermore, the trial court was justified in finding that the failure of the defendant and his attorney to appear for trial was intentional, and not due to accident or mistake. It is undisputed that defendant's "new" counsel was aware on August 24 that the case would be called for trial on August 28. Defendant's counsel testified that on August 24 he told plaintiff's attorney that he would not be ready. No timely motion for continuance was filed. See *Murray v. Dahlem*, 524 S.W.2d 409 (Tex.Civ.App.—Eastland 1975, no writ); *Cate v. Beene*, 440 S.W.2d 389 (Tex.Civ.App.—Waco 1969, writ ref'd).

██ Defendant additionally asserts numerous alleged procedural errors, and attacks certain fact findings contained in the judgment. Plaintiff argues that these complaints were waived because they were not included in defendant's motion for new trial.

Since January 1, 1978, Tex.R.Civ.P. 324 has provided in part:

> A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case. A motion for new trial may be filed by any party, however, and the omission of a point in such motion shall not preclude the right to make the complaint on appeal. Notwithstanding the foregoing, *it shall be necessary to file. a motion for new trial in order to present a complaint which has not otherwise been ruled upon.* A complaint that one or more of a jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact may be presented for the first time on appeal. · (Emphasis added)

Prior to the January 1, 1978, amendment, Rule 324 expressly provided that a motion for new trial was not required in a nonjury case, except as to complaints mentioned in Rule 325. Effective January 1, 1978, Rule 325 was repealed. Prior to the 1978 amendment, it was clear that in a nonjury case, an appellant could raise for the first time on appeal complaints attacking both the legal and factual sufficiency of the evidence to support the trial court's expressed or implied findings of fact. *Boswell v. Handley*, 397 S.W.2d 213 (Tex.1965). The 1978 amendment raises some uncertainty in this regard. The amended rule now provides that, "it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon." This provision appears to apply to nonjury, as well as jury, cases. The rule further

states that a complaint that a "jury's findings" have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact may be presented for the first time on appeal. This provision could not apply to a nonjury case because there are no "jury's findings." In the recent case of *Brock v. Brock*, 586 S.W.2d 927 (Tex.Civ.App.—El Paso 1979 no writ), the court discussed the problem and held that complaints of "insufficient evidence" or "against the overwhelming preponderance of the evidence" must be, in a nonjury case, assigned as error in a motion for new trial. Because of the present language in Rule 324, we can readily understand the court's holding. We must, however, respectfully disagree. Tex. R.Civ.P. 296 and 297 permit the filing of findings of fact and conclusions of law after the motion for new trial, if filed, has been overruled. It would, therefore, frequently be impossible to present a complaint in a motion for new trial attacking the legal or factual sufficiency of the evidence to support the court's findings of fact. We hold that an appellant in a nonjury case may, without filing a motion for new trial, for the first time on appeal, attack both the legal and factual sufficiency of the evidence to support the court's expressed or implied findings of fact; because, when the court renders judgment it has "otherwise ruled upon" the sufficiency of the evidence to support the controlling facts sustaining the judgment. An appellant, however, must file a motion for new trial in order to present a complaint which the record fails to disclose was ruled upon by the court. *Hausmann v. Texas Savings & Loan Association*, 585 S.W.2d 796 (Tex.Civ.App.—El Paso 1979, writ filed); *McLemore v. Johnston*, 585 S.W.2d 347 (Tex.Civ.App.—Dallas 1979, no writ).

■ Defendant, for the first time on appeal, complains that the trial court erred:

(1) in calling the case to trial on August 28, 1978;

(2) in calling the case to trial before hearing defendant's motion to dismiss;

(3) in proceeding to trial without a jury; and

(4) in permitting the filing of plaintiff's second amended petition within seven days of the date of trial.

This was a default judgment. The record fails to disclose that the defendant objected at the time of trial to any of these matters. There being no objection, the complaints were not "ruled upon," and they cannot be raised on appeal since they were not included in defendant's motion for new trial. See *National Lloyds Insurance Company v. McCasland*, 566 S.W.2d 565 (Tex.1978).

Defendant argues there is no evidence, or alternatively, factually insufficient evidence to support certain facts found by the court. In considering defendant's no evidence points, we can consider only the evidence and inferences tending to support the findings and must disregard all evidence and inferences to the contrary. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974). We must consider all the evidence in deciding the factually insufficient evidence points. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Defendant urges that there was no evidence, or alternatively, factually insufficient evidence to support the court's finding that the legitimate ends of the marriage relationship had been destroyed, and there was no reasonable expectation of reconciliation. We disagree.

The parties were married on June 9, 1977, and the petition for divorce was filed on February 22, 1978. At the time of trial, plaintiff was "nearly sixty" and defendant was sixty-six. Plaintiff stated that defendant caused her to transfer certain assets to his name and to his company's name. On one occasion, she had received $80,000 from a "trust distribution," which she planned to use for the payment of taxes. She testified that defendant wanted her to give him the money, and when she gave him only $10,-000, he became upset, and shortly thereafter, he falsely accused her of being unfaithful with "many" men. She stated she was a Christian woman and her husband's false accusations of infidelity were disturbing

and cruel. Defendant's points are overruled.

We overrule defendant's points attacking the legal and factual sufficiency of the evidence to support the court's finding that plaintiff was a Texas resident for six months, and a resident of Dallas County for 90 days, preceding the filing of plaintiff's petition. Plaintiff testified that she had maintained her residence in Dallas since 1946; that she had a Texas driver's license and a Texas voter's registration; that she had not voted in any other state since 1946; that her automobiles were registered in Texas; and she was a member of two churches in Dallas County.

■ Defendant also challenges the legal and factual sufficiency of the evidence to support the court's finding that certain personalty is the separate property of plaintiff. We do not reach these points. The property division does not have to be equal, and it will be presumed that the trial court exercised its discretion properly, and a case should be reversed only where there is a clear abuse of discretion. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974). The marriage was of short duration. The evidence shows that plaintiff paid for the property in question, usually with distributions from trusts in existence prior to her marriage to defendant. Courts may award personal property, whether community or separate, to either spouse. *Muns v. Muns*, 567 S.W.2d 563 (Tex.Civ.App.—Dallas 1978, no writ). If the division is just and fair, it is not controlling as to how the personal property is characterized. *Crowell v. Crowell*, 578 S.W.2d 562 (Tex.Civ.App.—Fort Worth 1979, no writ).

The judgment provides in part:

B. That Petitioner, Ellen Hammonds Brown, be awarded the following listed assets, free and clear of any claims of Respondent, Clifford Brown, and that Respondent is divested of any and all interest or claim of any kind in such listed assets:

\* \* \* \* \* \*

(2) The condominium located at 1810 Avenida Del Mundo ¶ 703, Coronado, California (being more accurately described in Exhibit "A" attached hereto and incorporated herein as if fully set out), such property being the sole and separate property of Petitioner, Ellen Hammonds Brown.

\* \* \* \* \* \*

H. That Respondent, Clifford Brown, shall immediately execute and deliver to Petitioner the following documents:

\* \* \* \* \* \*

(2) A Quit Claim Deed in the style and form of the one attached hereto as Exhibit "C", which deed is incorporated herein by reference as if fully set out to transfer his interest, if any, in that certain piece of real estate commonly known as 1810 Avenida Del Mundo, ¶ 703, Coronado, California and whose legal description is described in Exhibit "A" attached hereto and incorporated herein as if fully set out.

The evidence establishes that plaintiff purchased the California condominium prior to marriage. She testified that, at the request of defendant, she signed a deed after marriage, purporting to convey her separate property to herself and defendant as "joint tenants." Plaintiff was the grantor and one of the grantees. She did not testify that she made a gift of the property to defendant. The court found that the purported transfer was a "nullity." The court could properly conclude that the parties improperly attempted to change by mere agreement the character of the property from separate to community. *Tittle v. Tittle*, 148 Tex. 102, 220 S.W.2d 637 (1949); *Higgins v. Higgins*, 458 S.W.2d 498 (Tex. Civ.App.—Eastland 1970, no writ).

■ Plaintiff concedes that the court lacked power to divest title to the California real property. Plaintiff insists, however, that since the court had in personam jurisdiction of the parties, it had power to require defendant to execute the deed to

the property. We agree. *Fall v. Eastin*, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909); *Morris v. Hand*, 70 Tex. 481, 8 S.W. 210 (1888); *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722 (1961); *Rozan v. Rozan*, 49 Cal.2d 322, 317 P.2d 11 (1957).

We have examined the property division and hold that defendant has failed to show that the court clearly abused its discretion. We have considered all points of error and all are overruled.

That part of subparagraph "(2)" of Paragraph "(B)" of the judgment, copied above, which purports to divest defendant of title to the California real property, and to award such property to plaintiff, is deleted. In all other respects the judgment is affirmed.