Michael D. COSSEY, Appellant,

v.

Florette B. COSSEY, Appellee.

No. 6147.

Court of Civil Appeals of Texas, Waco.

July 17, 1980.

Rehearing Denied Aug. 7, 1980.

Galen B. Edwards, Richard V. McCall, Edwards, McCall, Schwartze & Edwards, Waco, for appellant.

Rollin Khoury, Waco, for appellee.

HALL, Justice.

Appellant-husband Michael D. Cossey filed this suit against his wife, appellee Florette B. Cossey, on September 11, 1978, in the 19th Judicial District Court of McLennan County, Texas, pleading for divorce, for property division, for permanent custody of the parties' two minor children, and for certain temporary custody orders pending final hearing. Appellant alleged *inter alia* that he was 45 years of age and resided in Waco, Texas; that appellee was 42 years of age and resided at 518 North Avenue J, Crowley, Louisiana, where process should be served on her; that the parties were married on April 4, 1959, and ceased living together as husband and wife in December, 1977; that the children of their marriage were Stephen G. Cossey, a son born October 31, 1962, and Michele D. Cossey, a daughter born August 17, 1967; that the "present residence" of each child was 518 North Avenue J, Crowley, Louisiana; that Texas was the last State of marital cohabitation between the parties, and this suit was filed within two years after such cohabitation ended; and that appellee has resided in Texas with the children.

Appellee was personally served with nonresident citation in Crowley, Louisiana, on October 25, 1978.

On July 11, 1979, appellee filed a special appearance under Rule 120a, Vernon's Tex. Rules Civ.Proc., in which she made the following objection to the court's jurisdiction:

"Respondent would show unto the Court that said Court does not have jurisdiction over her person or her property, nor the children, the subject of this suit, because neither Respondent nor the children named herein are amendable to process issued by the Court of this State for the reason that Respondent and her children are residents of the State of Louisiana and were so domiciled at the time of the filing of Petitioner's Original Petition herein."

The plea to the jurisdiction was heard by the court without a jury on July 11, 1979, the day of its filing. On August 10th, following oral arguments of the parties' attorneys on their written briefs filed during the interim, the court orally announced that the plea was sustained. Written judgment was signed on August 23, 1979, sustaining the plea and dismissing the case for want of jurisdiction. This appeal resulted. We affirm the judgment.

The court filed findings of fact and conclusions of law in support of its judgment. The appellate record also contains a complete statement of the facts adduced at the hearing on the plea.

Vernon's Tex.Code Ann., Family Code § 3.26 and § 11.051 provide as follows:

§ 3.26. *Acquiring Jurisdiction Over Nonresident Respondent.*

(a) If the petitioner is a resident or a domiciliary of this state at the commence-

ment of a suit for divorce, annulment, or to declare a marriage void, the court may exercise personal jurisdiction over the respondent, or the respondent's personal representative, although the respondent is not a resident or a domiciliary of this state if:

(1) this state is the last state in which marital cohabitation between petitioner and the respondent occurred and the suit is commenced within two years after the date on which cohabitation ended; or

(2) notwithstanding Subdivision (1) above, there is any basis consistent with the constitution of this state or the United States for the exercise of the personal jurisdiction.

(b) A court acquiring jurisdiction under this section also acquires jurisdiction in a suit affecting the parent-child relation if Section 11.051 of this code is applicable.

§ 11.051. *Acquiring Jurisdiction Over Nonresident.*

In a suit affecting parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state, if:

(1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

(2) the child resides in this state, as defined by Section 11.04 of this code, as a result of the acts or directives or with the approval of the person on whom service is required;

(3) the person on whom service is required has resided with the child in this state; or

(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction.

Appellant's two main contentions are these: (1) The record establishes that the trial court did not exercise its discretionary powers under § 3.26 and § 11.051 of the Family Code to determine whether it should *exercise* jurisdiction, but rather the court arbitrarily made "an out-right black letter determination of *no* jurisdiction [without] applying the facts to the respective statutes"; and, (2) in any event, the court's refusal to exercise jurisdiction under the facts was unwarranted and an abuse of discretion. Under the first contention appellant argues that the evidence conclusively establishes the requirements of § 3.26(a)(1) and § 11.051(3), but that the court made no reference to the statutes in his findings and conclusions or judgment; and that it is reasonable to assume that if the court had considered the statutes in its decision it would have made express findings and conclusions to the effect that notwithstanding the applicability of the long-arm statutes "Texas is not the most convenient or competent state to determine the Cossey dispute and, thus, the Court's decision is not to exercise its jurisdiction." Relevant to the second contention appellant argues that "in considering questions of jurisdiction under the long-arm statute in child custody cases, the paramount consideration is what would be in the best interest and welfare of the children."

 We agree with appellant, to be demonstrated later, that the evidence conclusively establishes Texas was the last state of marital cohabitation between the parties and that this suit was commenced within two years after the date the cohabitation ended, thereby satisfying § 3.26(a)(1) of the Code, and that the evidence also conclusively shows appellee resided with the children in Texas for almost five years immediately prior to her removal to Louisiana, thereby meeting the requirement of § 11.-051. In the light of the undisputed proof thereon, the court did not err in failing to address those issues in his findings of fact. The trial court is not required to make findings on undisputed facts. *Murphy v. Metropolitan Life Insurance Company*, 498 S.W.2d 278, 282 (Tex.Civ.App—Houston [14th Dist.] 1973, writ ref'd n. r. e.); *Smith*

*v. Brown Express*, 343 S.W.2d 550, 553 (Tex. Civ.App—San Antonio 1961, writ ref'd n. r. e.). Moreover, the judgment of a trial court must be sustained on appeal "if it is correct on any theory of law applicable to the case, and that regardless of whether the trial court gives the correct legal reason for the judgment he enters, or whether he gives any reason at all." *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939). Although we cannot argue with appellant's statement that a paramount question in the case is the best interests and welfare of the children, it is our view of the record that the central issue on the jurisdictional question, tried by the parties, was whether Texas or Louisiana is the more competent and convenient forum for deciding all of the issues of the divorce action which necessarily entail the custody issue. We hold the trial court did not abuse its discretion under the facts in refusing to exercise jurisdiction. Accordingly, appellant's contentions are overruled.

The material facts are undisputed. Prior to December, 1977, appellant and appellee had lived together with their children as a family in the City of Waco, McLennan County, Texas, for approximately five years. Appellee was employed as a public school teacher. Appellant was and is an employee at the United States Veterans Administration Regional Office in Waco. After living in an apartment, they bought a house in Waco. They paid taxes and voted there. In December, 1977, a few days before Christmas, appellee separated from appellant and moved to the City of Crowley, Acadia Parish, Louisiana. She left the children with appellant. The children visited her in Crowley at Christmas, then returned to Waco. In March, 1978, a few days before Easter, appellant delivered the children and all of their belongings to appellee in Crowley. The children continued living with appellee in Crowley until June, 1979. They completed the remainder of the 1977–1978 school year at Crowley, and they enrolled in and completed all of the 1978–1979 school year, there. The evidence shows both appellant and appellee were originally from Louisiana, but it does not show when they left that state. Appellee now owns and operates a business in Crowley which she acquired partially by inheritance and partially by purchase. The parties' son, Stephen, is an employee of the business. Appellee votes in Louisiana. Appellant has continued living and working in Waco. He now lives in an apartment, but it is not clear in the record whether the parties have sold their house in Waco.

On July 12, 1978, appellee filed a petition in the 15th Judicial District Court of Acadia Parish, Louisiana, for legal separation "a mensa et thoro" from appellant, for temporary and permanent custody of the children, and for division of the parties' community property. Although appellee answered "Yes" to the question on cross examination, "You took the initiative in filing the [Louisiana] divorce procedure, is that correct?," she also testified, without contradiction from appellant, "but he called me first to talk about it." Upon the basis of the petition, on the day it was filed, the Louisiana Court by written order granted appellee temporary custody of the children. Appellant received a copy of the petition by registered mail on July 17, 1978, but he has never been served with citation in that action.

On September 11, 1978, appellant filed the present suit for divorce, child custody, and property division in the 19th Judicial District Court of McLennan County, Texas. Appellee was personally served with nonresident citation in Crowley, Louisiana, on October 25, 1978.

In May, 1979, the parties reached a tentative agreement under which a judgment of divorce and ancillary orders of custody of the children and property division would be rendered by the Texas court in the suit filed by appellant. However, disputes arose over the settlement of those issues, and the agreement was never finalized.

In late May or early June, 1979, appellee determined to take a vacation of two weeks in Europe. Dealing primarily with an attorney in Louisiana whom appellant had employed, appellee agreed with appellant to

leave the children with him in Waco during her vacation, and did so, with the express understanding that he would return the children to her upon her return. When appellee returned, appellant refused to return the children to her. He acknowledged his agreement to do so, but he testified, "During the brief period of time that they were here with me I discovered things were not quite as rosy in Louisiana as I thought they were. I didn't think the children's best interests would be served by returning them." However, the evidence shows without contradiction that the older child, Stephen, did thereafter return to appellee's residence in Crowley.

Both children testified at the hearing on appellee's plea to the jurisdiction, held on July 11, 1979. At that time, Stephen was 16 years of age and Michele was 11. Stephen testified that he is not "really sure" where he lives, that he lives "here and there and everywhere," but that he considers Crowley his home; that he has friends in Crowley; that he is employed by the business owned by appellee; that he returned to Texas "about a month ago," but after his mother finished her vacation he went back to Crowley to "see some friends"; that during the week-end prior to the hearing on appellee's plea to the jurisdiction appellant called him and told him that he should be present at the hearing; that the day before the hearing appellee refused him permission to come with her in her car from Crowley to Waco for the hearing; that after appellee left Crowley he telephoned Michele, "and she called my Dad," and appellant then arranged for bus fare to him for the trip to Waco; that he came to Waco by bus the night before the hearing; and that he came by his own "free will and accord." He said that he came to the trial "to see what was happening . . . to know what was going on," and that it was his understanding that the purpose of the hearing was "to see if the courts of Texas or the courts of Louisiana have the right to solve the matter between my Mom and Dad."

Michele testified that she returned to appellant's residence in Texas "at the very end of May, [1979]," and had since lived

there by her "own free will and choice"; that Waco was her home, that she plays with "my friends and my Dad and my dog"; that until she returned to Waco when her mother went to Europe, Crowley was her home; and that she "never got any friends, many of them," in Crowley.

After appellant carried Stephen and Michele to Louisiana in March, 1978, the children visited him occasionally in Waco. He also made occasional visits with appellee and the children in Crowley, and during some of those visits he and appellee saw a marriage counselor in Crowley. The evidence shows that at least until the time appellee filed her suit in Louisiana for legal separation appellant and appellee were attempting reconciliation. However, appellant stated that after appellee filed her suit he considered their marital problems irreconcilable.

▮▮▮ The term "marital cohabitation" as used in Family Code § 3.26(a)(1) has not been defined by the courts. It has been suggested that at a minimum it should require the establishment of "a permanent place of abode" by the spouses. Sampson, *Long Arm Jurisdiction Marries the Texas Family Code*, 38 Tex.B.J. 1023, 1027 (1975). It would certainly require more than occasional visits by one spouse with the other and their children at the other's place of residence during marital separation coupled with submission of the parties to marriage counseling during the visits in an attempt to reconcile their problems; and appellee does not assert otherwise. Our record conclusively shows that Texas was the last state of marital cohabitation between appellant and appellee, that appellant's suit was commenced within two years after the date on which cohabitation ended, and that appellee resided with the children in Texas for almost five years. Those facts satisfy the minimum contact requirements of Family Code § 3.26(a)(1) and § 11.051(3) for Texas to exercise long-arm jurisdiction over appellee on all aspects of the present suit. However, those contacts alone do not mandate the assumption of jurisdiction under

**596**

the record. In *O'Brien v. Lanpar Company* (Tex.1966) 399 S.W.2d 340, 342, after reviewing the decisions of the United States Supreme Court on the question, our Supreme Court held that, notwithstanding satisfaction of the minimum contacts necessary for long-arm jurisdiction over the nonresident, federal constitutional due process requires that "the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the parties, and the basic equities of the situation." In *U-Anchor Advertising, Inc. v. Burt,* (Tex.1977) 553 S.W.2d 760, 764, the Court said, "no one formulation of the constitutional test could possibly encompass all the potentially important factors, nor could a formula perform the crucial task of weighing and balancing the relevant considerations. Narrow factual distinctions will often suffice to swing the due process pendulum. Here, as elsewhere, important constitutional questions prove immune to solution by checklist."

In our case, the trial court was faced with these matters for consideration:

1. For five years immediately prior to December, 1977, the parties lived with the children in Waco.
2. Appellee moved to Crowley in December, 1977, but she left the children in Texas with appellant.
3. Appellant voluntarily delivered the children to appellee in Crowley in March, 1978.
4. From March, 1978, until the hearing in June, 1979, the children resided in Crowley and attended public schools there.
5. The question of divorce will not be a contested issue on the trial.
6. The legal nature of the parties' properties in Louisiana and Texas, and the division of the properties, must be decided. Most of the witnesses on this issue will likely come from Louisiana.
7. The main dispute between the parties is the custody of the children. The witnesses on this issue will likely come from Texas and Louisiana.
8. There is an inference of over-reaching by the parents with the children, especially by appellant.

Considering the whole record, we hold the court did not abuse its discretion in refusing to assume jurisdiction.

Appellant's points and contentions are overruled. The judgment is affirmed.