**Charles N. KEITH, Appellant,**

v.

**Glenda F. KEITH, Appellee.**

**No. 2–87–243–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 19, 1989.

Carmen Glazner, Fort Worth, for appellant.

Dave Horger, Jr., Fort Worth, for appellee.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Charles N. Keith appeals from the judgment decreeing his divorce from Glenda F. Keith and dividing their community property. In seven points of error, Charles contends the trial court erred by failing to set aside professional good will in a community partnership business as his separate property, by making conflicting findings with regard to the value of the community interest in the partnership between the findings of fact and conclusions of law and the divorce decree, and by failing to use the formula in the partnership agreement in determining the market value of the partnership. He further urges there is no evidence to support the trial court's findings that Glenda would not have signed the

partnership agreement if she had thought it would defeat her community interest in the partnership, no evidence to support the court's finding that the partnership agreement was not intended to apply to the evaluation of the business in the event of the divorce of a partner, and insufficient evidence to support the trial court's finding of the value of the horses belonging to the family business. Finally, he urges that the trial court erred by divesting the parties of title to out-of-state real property.

We reverse that portion of the judgment which purports to divide property lying outside the state because we find the court lacked the jurisdiction to make such an in rem division. We remand that portion of the judgment so the trial court may make any in personam order which it might deem appropriate in order to effectuate the division which it originally ordered. We sever and affirm the remainder of the judgment.

In point of error number one, Charles contends the trial court erred in failing to set aside as his separate property the value of professional good will, attributable to him, in a community partnership business.

In October 1984, Charles and Ty Keith, an adult son of the marriage, entered into a partnership agreement for the operation of a business known as Graphic Chemical Company. Glenda consented to the agreement. Graphic Chemical mixes, sells, and delivers chemicals used in the printing industry. Prior to starting Graphic Chemical, Charles built and repaired printing presses and operated printing presses. Glenda testified he was one of the best at what he does. She stated that Charles formulates the formulas for the chemicals and that Ty does the work. She also said that Charles does the selling and traveling in Oklahoma, Kansas, Utah, and California. She related that part of his duties included troubleshooting, that he gains and keeps customers because of his knowledge and ability. When customers call for help, he either helps with suggestions over the telephone or goes personally to the plant to help. Glenda expressed her opinion that Charles knows more about running a printing press than anybody in the nation, and that Graphic Chemical would be less without him. Glenda also gave her opinion that she was sure there are plenty of people with comparable knowledge, that "we have got lots of competitors." She also expressed the opinion that someone else could be hired to take Charles' place in running the company. She indicated they had a "bunch" of competitors. Charles has no college degree or special education as a chemist.

In its findings of fact and conclusions of law, the trial court found that the value of the business belonging to the community estate at the time of trial was $262,400. Charles made no request for an additional finding pursuant to rule 298 of Texas Rules of Civil Procedure as to whether the partnership had any good will or whether any such good will was professional good will attributable to him personally.

Professional good will, as opposed to the good will that may attach to a trade or business, is not property in the estate of the parties and therefore not divisible upon divorce. *Nail v. Nail*, 486 S.W.2d 761, 764 (Tex.1972); *Rathmell v. Morrison*, 732 S.W.2d 6, 17 (Tex.App.—Houston [14th Dist.] 1987, no writ). Professional good will attaches to the person of the professional man or woman as a result of confidence in his or her skill and ability; it does not possess value or constitute an asset separate and apart from the professional's person, or from his individual ability to practice his profession; and it would be extinguished in the event of the professional's death, retirement, or disablement. *Rathmell*, 732 S.W.2d at 17. It is possible that an individual may have accrued professional good will and for the business or partnership to also have good will attributable to it. *Id.* Good will that exists separate and apart from a professional's personal skills, ability, and reputation, is divisible upon divorce. *Id.*

In essence, Charles complains of the trial court's failure to find whether any

of the value of the partnership was professional good will attributable to him personally and its failure to award the value of that professional good will to him as his separate property. The failure to request additional findings of fact and conclusions of law constitutes a waiver on appeal of the trial court's failure to make such a finding. *Cortez v. Corsi*, 513 S.W.2d 648, 650 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). We therefore find that Charles waived any error in the trial court's failure to find that any of the partnership's good will, if any, was professional good will attributable to him by failing to request the trial court to make such a finding. We overrule point of error number one.

■ Charles contends in point of error number two that the trial court erred by making conflicting findings as to the value of the business between the findings of fact and conclusions of law and the divorce decree. In the decree, the trial court found that the partnership had a market value of $262,400. In the findings of fact and conclusions of law, the trial court found the value of this business belonging to the community estate was $262,400. The community estate owned no more than 82% of the partnership. The findings of fact, filed after the judgment, are controlling if any conflict exists with the judgment. *See Law v. Law*, 517 S.W.2d 379, 383 (Tex.Civ.App. —Austin 1974, writ dism'd). We overrule point of error number two.

■ Charles asserts in point of error number three that the trial court erred by failing to find the market value of the partnership by applying the formula set forth in the partnership agreement, since his wife, Glenda, signed the agreement stating her approval of the agreement and her acceptance of its provisions, agreeing to be bound by it.

The partnership agreement entered into between Charles and Ty provided a method for determining the value of the business in the event it was terminated due to the withdrawal, other act, or death of one of the partners. The trial court did not use the method provided in determining the value of the partnership. Since the partnership is not being terminated, we do not find this provision of the agreement has any applicability to the matter before the trial court. Accordingly, the trial court did not err in failing to use the formula.

Charles relies on the case of *Finn v. Finn*, 658 S.W.2d 735 (Tex.App.—Dallas 1983, writ ref'd n.r.e.) (en banc). In that case the court found the community estate would not be entitled to a greater interest in the goodwill of an ongoing law firm than that to which the husband was entitled under the terms of the partnership agreement in the event of his death or withdrawal. Since the husband's partnership agreement provided that he had no interest in the good will in the event of his death or withdrawal, the court held there was no community interest in the firm's good will at divorce. *Id.* at 742.

For the reasons stated in her opinion, we agree with the concurring opinion of Justice Annette Stewart in that case to the effect that the formula set forth in the partnership agreement with respect to death or withdrawal of the partner is not necessarily determinative of the value of a spouse's interest in the ongoing partnership as of the time of divorce. *Id.* at 749; *see In re Marriage of Slater*, 100 Cal. App.3d 241, 160 Cal.Rptr. 686, 688–89 (1979). We overrule point of error number three.

In points of error numbers four and five, Charles asserts there is no evidence to support the trial court's findings that Glenda would not have signed the partnership agreement if she had thought it would defeat her community interest in the partnership and that the partnership agreement was not intended to apply to the evaluation of the business in case of divorce of either partner. Both of these points of error are dependent upon the presumption that a determination of the value of Charles' interest in the partnership business is necessarily limited by the terms of the partnership

agreement. Since we have found the value is not so limited, we overrule points of error numbers four and five.

■ Charles contends in point of error number six that the trial court erred by divesting the parties of out-of-state real property, relying on *Brown v. Brown*, 590 S.W.2d 808, 812–13 (Tex.Civ.App.—Eastland 1979, writ dism'd). We agree the trial court lacks jurisdiction to divest the parties of their title to out-of-state real property. *See Fall v. Eastin*, 215 U.S. 1, 8–13, 30 S.Ct. 3, 6–8, 54 L.Ed. 65 (1909); *Morris v. Hand*, 70 Tex. 481, 8 S.W. 210, 211 (1888); *Brown*, 590 S.W.2d at 812–13. We sustain point of error number six.

■ In point of error number seven, Charles argues the evidence is insufficient to support the trial court's finding as to the value of the horses belonging to the parties' business known as Running Rose to be $56,300. We will consider all of the evidence and determine whether the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The value of the horses as found by the trial court is the same as set forth by Glenda Keith in her inventory and appraisement. She testified at trial that those values represented her opinion as to the actual value of each respective animal. She testified that she and Charles attended numerous horse sales, horse shows, and races, had bought and sold horses, and they read the horse association journals and race magazines.

Glenda's testimony was contradicted by Robert Pulse, who testified he was in the insurance business. He said he had advanced degrees in the area of horse management and horse nutrition. A year prior to being in the insurance business, Pulse had been executive assistant in the Paint Horse Association. He still is active to some extent in the horse business. He said he had a general grasp of market value as of the last two or three months before trial, but that "it's pretty hard to talk about market value of any specific horses, specific locations and so forth." He said that if he had the details on the horses and some time to research that he could talk about it pretty accurately. He said he was somewhat familiar with the horses in question. He outlined many factors which he took into consideration in determining the value of the horses, including bloodlines and performance records. He said he had looked at the horses in question within the last two days, but he had not researched their bloodlines or performance records. He felt like he could give a pretty good idea as to their value without doing so. He testified that in his opinion the horses had a value of $12,200. He said he did not know if any of the mares were pregnant. He indicated his value was for that of a quick, disbursal-type sale. Mr. Pulse also related that since he had started in the life insurance business he had sold Charles $750,000 in life insurance and had also sold Mr. Keith group health insurance. The trial court was the judge of the credibility of this witness and had a right to disregard his testimony. *See Harrell v. Sunylan Co.*, 128 Tex. 460, 97 S.W.2d 686, 689 (1936). We find the evidence is sufficient to support the trial court's determination as to value. We overrule point of error number seven.

Since we have sustained point of error number six, we reverse that portion of the judgment which purports to divide property lying outside the state, but which does not order either party to execute a deed to effect the division, and remand to the trial court in order that it may make any in personam order which it might deem appropriate in order to effectuate the division of the parties' community property real estate situated in other jurisdictions. *See Brown*, 590 S.W.2d at 812–13. The remainder of the judgment is severed and affirmed.