**John William DANKOWSKI, Appellant,**

v.

**Lonnie DANKOWSKI, Appellee.**

**No. 2–95–164–CV.**

Court of Appeals of Texas, Fort Worth.

May 9, 1996.

Rehearing Overruled June 13, 1996.

---

Terry P. Gorman, Dallas, for appellant.

Ralph H. Walton, Jr., Granbury, for appellee.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

John William Dankowski, respondent below, appeals the trial court's grant of a divorce terminating his marriage to Lonnie Dankowski and the trial court's division of community property. He brings ten points of error: two points challenge the trial court's *in personam* jurisdiction; two points challenge the trial court's subject matter jurisdiction; one point challenges the trial

court's jurisdiction over out-of-state real property; four points of error challenge the sufficiency of the evidence; and one point challenges the trial court's denial of a new trial. We overrule his points of error and affirm the judgment of the trial court.

## BACKGROUND

John, a teacher at the Taipei American School in Taiwan, met Lonnie in 1977 and married her in 1978. John and Lonnie did not have any children during the marriage, but they did acquire community property.

During the summer of 1993, John and Lonnie separated, and although they reconciled shortly thereafter, they continued to have marital difficulties. After they reunited, they decided to use their savings to purchase a home in Florida for their retirement. The couple nearly depleted their savings with the purchase of the $131,000 house, and John entrusted Lonnie with the purchase.

John contends that Lonnie was having an extramarital affair with another teacher at the Taipei American School and that Lonnie purchased the house in Florida to be nearer her lover, who had recently moved there. John also maintains that Lonnie began an affair with a Texas man whom she met in August 1993 on a flight from Taiwan to Florida. John conceded, in answers to interrogatories, that he had engaged in various extramarital "love-tryst[s]" with various "nonserious ladies in the romance profession, working in small hotels, who in fact rarely used true names." It is not surprising that the evidence reflected that on two occasions John transmitted venereal diseases to Lonnie.

On December 10, 1993, John and Lonnie signed a Taiwanese divorce agreement, which John claims was mutually agreed upon and the product of negotiation and which Lonnie maintains was coerced through threats of physical violence. Under the terms of the divorce, John paid Lonnie a lump sum in exchange for the Florida property but agreed to give her a percentage if he ever sold the house. Lonnie was also awarded a one-half interest in the Florida house if John died before sale of it. The parties' personal property was also divided, and John agreed to ship Lonnie's belongings to the United States.

John asserts that the Taiwan divorce was negotiated, drafted, reviewed by Lonnie, signed, and witnessed. Taiwan law provides that divorces be registered at the parties' census registration point, but John asserts that because neither he nor Lonnie was a Taiwan resident at the time of the divorce, their divorce was valid without registration.

Lonnie returned to Granbury, Texas after the Taiwan divorce was signed in December of 1993. She consulted with a Taiwan attorney who told her that the Taiwan divorce was invalid, established Texas residency, and filed for divorce on June 13, 1994. A default judgment of divorce was granted on August 25, 1994. John filed a Motion for New Trial, which was granted on November 7, 1994. The second trial began in April of 1995, and the final decree of divorce was signed on May 11, 1995. It is from this second Texas divorce proceeding that John appeals.

## POINTS OF ERROR ONE AND TWO

John complains that the trial court erred in overruling his plea to the jurisdiction of the trial court over him and his property because he has not had sufficient minimum contacts with the State of Texas to warrant the exercise of jurisdiction (point of error one) and that, alternatively, even if John had some contact with the State of Texas, the trial court abused its discretion in overruling his plea to the jurisdiction over him and his property (point of error two).

John argues that he had no real property in Texas, no personal property in Texas, he and Lonnie were not married in Texas, and he did not conduct any business in Texas. He asserts that Lonnie brought the Texas divorce action only to try to "re-trade" the Taiwan divorce. John contends that the trial court erred in overruling his pleas to the jurisdiction in the initial Motion for New Trial, the Motion to Dismiss for Lack of Jurisdiction, and the second Motion for New Trial.

John concedes that the first Motion for New Trial and the Motion to Dismiss for

Lack of Jurisdiction "could have more clearly set forth the basis for a special appearance under rule 120a of the Texas Rules of Civil Procedure," but he continues that even if his filing of those two motions were construed as "some contacts" with the State of Texas, the trial court could still reject *in personam* jurisdiction.

The requirements of rule 120a are clear. A special appearance objection to *in personam* jurisdiction "shall be made by sworn motion filed *prior to* motion to transfer venue or *any other plea, pleading or motion.*" Tex.R.Civ.P. 120a (emphasis added). The filing of a motion for new trial constitutes a general appearance. *See* Tex. R.Civ.P. 120a; *Myers v. Emery*, 697 S.W.2d 26, 29 (Tex.App.—Dallas 1985, no writ).

We conclude that John submitted to the trial court's jurisdiction by making the affirmative action of filing his Motion for New Trial. *See e.g., Liberty Enterprises, Inc. v. Moore Transportation Co., Inc.*, 690 S.W.2d 570 (Tex.1985). Because he failed to file a special appearance in accordance with rule 120a, the trial court did not err in overruling his plea to the jurisdiction. Point of error one is overruled.

To address the abuse of discretion claimed in point of error two, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). Under an abuse of discretion standard, legal and factual insufficiency are relevant factors in assessing whether the trial court abused its discretion. *See Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *In re Driver*, 895 S.W.2d 875, 877 (Tex.App.—Texarkana 1995, no writ); *D.R. v. J.A.R.*, 894 S.W.2d 91, 95 (Tex.App.—Fort Worth 1995, writ denied) (op. on reh'g); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). Merely because a trial judge may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion occurred. *Downer v. Aquamarine Operators, Inc.*, 701

S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Kirkpatrick v. Memorial Hosp. of Garland*, 862 S.W.2d 762, 776 (Tex.App.—Dallas 1993, writ denied). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

After the default judgment, the trial court granted John a new trial. It was not an abuse of the trial court's discretion to refuse John a third trial after he was already on notice, by virtue of the initial default judgment, that Lonnie had brought proceedings in Texas. John failed to comply with the provisions of rule 120a, and the trial court's refusal to reject *in personam* jurisdiction under *Cossey v. Cossey*, 602 S.W.2d 591, 593–96 (Tex.Civ.App.—Waco 1980, no writ) was not an abuse of discretion. Point of error two is overruled.

### POINTS OF ERROR THREE AND FOUR

John next complains that the trial court erred in overruling his plea to the subject matter jurisdiction because the Dankowskis had already been validly divorced in Taiwan, Lonnie consented to and took part in the Taiwan divorce, and Lonnie failed to carry her burden of proof in challenging the Taiwan divorce (point of error three). He also asserts that the trial court abused its discretion in admitting the affidavit of attorney Dagmar Mei–Nu Yu, because the evidence was hearsay, inadmissible, and probably caused the rendition of an improper rejection of John's plea to subject matter jurisdiction (point of error four).

John maintains that because Lonnie requested, negotiated the terms of, and consented to the Taiwan divorce, she is estopped from challenging the divorce in Texas. He also argues that Lonnie cannot "relitigate"

the ownership of real property that was previously determined by an out-of-state divorce decree. John contends that Lonnie had the burden to establish that the Taiwan divorce was not valid and that the only evidence Lonnie presented to that end was the improper affidavit from attorney Dagmar Mei‑Nu Yu.

■ The affidavit, which established that John and Lonnie were not validly divorced in Taiwan, was admissible under rule 203 of the Texas Rules of Civil Evidence, which provides that:

> The court, in determining the law of a foreign nation, may consider any material or source, whether or not submitted by a party or admissible under the rules of evidence, including but not limited to affidavits, testimony, briefs, and treatises.

TEX.R.CIV.EVID. 203.

■ We note that John failed to object at the time the affidavit was offered into evidence at trial. As a result, any objections which John may have had, are waived. The trial court properly admitted the affidavit into evidence and properly used the affidavit in determining the validity of the divorce under Taiwan's divorce law. Points of error three and four are overruled.

### POINT OF ERROR FIVE

John next claims that the trial court erred in overruling his challenge to its *in rem* jurisdiction over the Florida home and in divesting him of his interest in the home. John relies on this court's opinion in *Keith v. Keith*, 763 S.W.2d 950, 954 (Tex.App.—Fort Worth 1989, no writ) for the proposition that a "trial court lacks jurisdiction to divest parties of their title to out-of-state real property." He contends the trial court divested him of his property in awarding the Florida home to Lonnie.

■ Although John correctly states the above principle, this court in *Keith* reversed "that portion of the judgment which purports to divide property lying outside the state but which does not order either party to execute a deed to effect the division." *Id.* We remanded to the trial court so that it could make "any *in personam* order which it might

deem appropriate in order to effectuate the division of the parties' community property ... situated in other jurisdictions." *Id.* There is ample authority for the proposition that a trial court may require parties over whom it has *in personam* jurisdiction to execute a conveyance of real estate located in another state. *McElreath v. McElreath*, 162 Tex. 190, 345 S.W.2d 722, 724 (1961) (op. on reh'g); *Matter of Marriage of Read*, 634 S.W.2d 343, 348–49 (Tex.App.—Amarillo 1982, writ dism'd); *Brown v. Brown*, 590 S.W.2d 808, 812–13 (Tex.Civ.App.—Eastland 1979, writ dism'd by agr.).

■ We have a duty to indulge every reasonable presumption in favor of the proper exercise of discretion by the trial court in the division of the parties' property. *Thompson v. Thompson*, 380 S.W.2d 632, 636 (Tex. Civ.App.—Fort Worth 1964, no writ). The Texas Family Code requires the trial court to divide in a "just and right" manner property acquired by either spouse while domiciled elsewhere that would have been community property had the acquiring spouse been domiciled in Texas at the time of acquisition. TEX.FAM.CODE ANN. § 3.63(b)(1) (Vernon 1993). The trial court did not abuse its discretion by including in the Final Decree of Divorce the order that John and Lonnie "execute all instruments necessary to effect this decree." The trial court had *in personam* jurisdiction over John and, as a result, could properly order him to execute a conveyance of the Florida property. Point of error five is overruled.

### POINT OF ERROR SIX

John next complains that the trial court abused its discretion by ignoring the property agreement reached by the parties because there was insufficient evidence to support even an implied finding that the agreement was not just and right. John asserts that there is "no question" that he and Lonnie "did agree on terms of a property settlement" in the Taiwan divorce. He claims the trial court made no finding as to the fairness of their property division, as required by section 3.631 of the Family Code. TEX.FAM. CODE ANN. § 3.631 (Vernon 1993). John

claims that the trial court "merely treated the [Taiwan] agreements as not existing."

We have already determined that John has waived any complaint as to admission of the affidavit which stated that John and Lonnie had not been validly divorced under Taiwan law. Because the Taiwan divorce was invalid, it was not an abuse of the trial court's discretion to treat the Taiwan property division agreement as "not existing." Point of error six is overruled.

## POINTS OF ERROR SEVEN THROUGH NINE

John contends that the trial court erred in finding that he was at fault in the breakup of the marriage because there was insufficient evidence to support such a finding (point of error seven); that the trial court erred in finding that there was a disparity in the earning power of the parties because there was insufficient evidence to support such a finding (point of error eight); and that the trial court erred in awarding a disproportionate share of the marital estate in favor of Lonnie because there was insufficient evidence to support such an unequal division (point of error nine).

John argues that Lonnie was living with another man in Granbury after leaving Taiwan, that she had met the Granbury man while arranging for the purchase of the Florida retirement home, and that Lonnie purchased the Florida home to be nearer another lover.

### The Standard of Review

John concedes that Lonnie offered "some evidence regarding the 'alleged fault' in the breakup of the marriage" and challenges the factual sufficiency of the evidence.

An assertion that the evidence is "insufficient" to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination and, if reversing, to detail that evidence in the opin-

ion. *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 29 (Tex.1993).

A trial court will be given wide latitude in the exercise of its discretion in the division of the marital estate. *Williams v. Williams*, 160 Tex. 99, 325 S.W.2d 682, 684 (1959). There is a presumption in favor of the trial court's discretion. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). An appellant must show from the record that the division was so unequal as to be manifestly unjust. *Zamora v. Zamora*, 611 S.W.2d 660, 662 (Tex.App.— Corpus Christi 1980, no writ).

### Application of Law to the Facts

Lonnie testified that she had not entered into an extramarital affair until she and John separated. On the other hand, John admitted that he had frequented prostitutes during the marriage and that on two occasions, he had transmitted to Lonnie a venereal disease. We find this evidence sufficient to support a finding that John was at fault in the breakup of the marriage. Point of error seven is overruled.

We also reject John's contention that the evidence was insufficient to support a finding of disparity in the couple's earning capacity. The evidence showed that John has not only completed college but has earned a Ph.D. and has been employed as a teacher for the Taipei American School for twenty-five years. Lonnie, in comparison, has completed high school and two years of college but has never earned a bachelor's degree. During the time that they were living together in Taiwan, John was earning $6,000.00 per month, and Lonnie was earning approximately $900.00 per month. John argues that Lonnie "forgot" to tell the court that John's salary is based on a nine-month academic year, but his apparent $54,000.00 yearly income is substantially more than Lonnie's approximate income of $10,800.00. Although we recognize Lonnie is bilingual and, because she is twenty years younger than John, likely to have more years in which to earn a living, we conclude that there is sufficient evidence to support the trial court's finding of disparity in earning potential and

that Lonnie appears to have less income potential. Point of error eight is overruled.

■ Finally, because we find ample evidence to support a finding that Lonnie is in a more precarious financial position than John, there is likewise sufficient evidence to support the trial court's division of the marital estate. Point of error nine is overruled.

## POINT OF ERROR TEN

In his final point of error, John complains that the trial court erred in refusing to grant him a second new trial on the basis of new evidence because at the evidentiary hearing, he proved all of the necessary elements. John attempted to provide the court with affidavits from five people, who he claims, could testify regarding the consensual nature of the Taiwan property settlement and divorce, the fairness of the Taiwan property settlement, the validity of the Taiwan divorce, Lonnie's conduct tending to prove fault in the breakup of the marriage, and other issues.

John claims that each deposition contained evidence not available at the time of trial, each was not previously unavailable due to lack of diligence on his part, none was cumulative, and each was so material that it would have produced a different result if a new trial were granted.

■ A party moving for a new trial has the burden of establishing by convincing evidence the existence of newly discovered evidence by showing the following elements:

1. Admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon.
2. The moving party must show he or she had no notice of the existence of such evidence prior to the time of trial.
3. The moving party must show that due diligence had been used to procure the evidence prior to trial.
4. The moving party must show that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary.

5. The moving party must show that the evidence would probably produce a different result if a new trial were granted.

*Jackson v. Van Winkle,* 660 S.W.2d 807, 809–10 (Tex.1983).

Each of the people deposed had personal knowledge of the conduct of John and Lonnie during their marriage or personal knowledge of the negotiations and attempted execution of the Taiwan divorce. Lonnie left Taiwan and moved to Texas in December of 1993. Therefore, the latest possible date John could have discovered any of the possible testimony was December of 1993.

The first Texas divorce trial which resulted in a default judgment occurred in August of 1994. A new trial was granted at John's request on November 7, 1994. The new trial was held on April 5, 1995. John's attorney argued at the August 10, 1995 hearing on the motion for new trial that each of the depositions had been taken "within the last week or so." Thus, the depositions were taken sometime during late July or early August of 1995.

■ There is no evidence in the record that John had attempted to depose any of the potential witnesses before the summer of 1995, when his attorney attempted to win another new trial based on their evidence. There was no motion for continuance filed indicating that John was attempting to obtain this testimony but was unable to do so before the April 1995 trial. We conclude that the deposition testimony was not new and that John failed to show he had exercised due diligence to obtain the testimony before trial. Point of error ten is overruled.

The judgment of the trial court is affirmed.