NUMBER 13-99-189-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MANUEL GOMEZ, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 370th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Seerden(1)


Opinion by Justice Yañez


 

 

 


 Appellant, Manuel Gomez, Jr., was charged by a two-count
indictment with aggravated robbery(2) (count one) and attempted capital
murder (count two).(3) The charges stemmed from two separate home
invasions: the attempted capital murder of David Alvarez on December
22, 1997, and the aggravated robbery of Nora Gardner on December 23,
1997. Appellant pleaded guilty to count one and not guilty to count
two. A jury found him guilty on count two and sentenced him to
ninety-nine years imprisonment on each count. In three points of error,
appellant challenges the sufficiency of the evidence to support his
convictions, complains of the trial court's failure to rule on certain
pretrial motions prior to trial, and contends he was denied effective
assistance of counsel. We affirm.

Sufficiency of the Evidence


 By his third point of error, appellant contends his "conviction
should be vacated and a judgment of acquittal entered because there
was insufficient evidence to establish all the necessary elements for
both the underlying offense (aggravated robbery) and attempted capital
murder." 




 The proper remedy for a finding of legal insufficiency of the
evidence to support a conviction is an acquittal. Tibbs v. Florida, 457
U.S. 31, 39 (1982); Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App.
1999); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992). 
The proper remedy for a finding of factual insufficiency of the evidence
is a remand for a new trial so that a second jury can evaluate the
evidence. Ladd, 3 S.W.3d at 557; Clewis v. State, 922 S.W.2d 126,
133-34 (Tex. Crim. App. 1996). Because appellant requests that his
conviction be vacated and a judgment of acquittal entered, we view
appellant's third point as a challenge to the legal sufficiency of the
evidence supporting his conviction for attempted capital murder.(4) See
Cardenas v. State, 30 S.W.3d 384, 386 n.2 (Tex. Crim. App. 2000). 

 In his third point, appellant also "requests that this court conduct
a complete factual [review] of this case in accordance with established
precedent." In support, appellant cites Jones v. State, 922 S.W.2d 305
(Tex. Crim. App. 1996). No such case exists. In Cardenas, the court of
criminal appeals held that a single sentence requesting an appellate
court to conduct a factual sufficiency review, without any other
reference to factual sufficiency or the applicable standard, is
inadequately briefed as to that issue.(5) Cardenas, 30 S.W.3d at 386 n.2. 
We hold appellant's claim of factual insufficiency is inadequately briefed
and we will not address it.

 When reviewing the legal sufficiency of the evidence, the appellate
court shall look at all the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). The standard is the same for cases
based on both direct and circumstantial evidence. Earhart v. State, 823
S.W.2d 607, 616 (Tex. Crim. App. 1991); Rosillo v. State, 953 S.W.2d
808, 811 (Tex. App.--Corpus Christi 1997, pet. ref'd). We measure the
legal sufficiency of the evidence by the elements of the offense as
defined by the hypothetically correct jury charge, which accurately sets
out the law, is authorized by the indictment, and does not unnecessarily
increase the State's burden. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.--Corpus
Christi 1999, pet. ref'd.). The jury, as the sole judge of the credibility of
the witnesses and the weight to be given their testimony, is free to
accept or reject all or any part of the testimony of any witness. Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).


 Appellant was charged with the attempted capital murder of David
Alvarez. The indictment alleges that during the course of committing
and attempting to commit robbery, appellant intentionally attempted to
cause Alvarez's death by shooting at him with a firearm. It is
undisputed that appellant was not the primary actor in the shooting of
Alvarez. Under the law of parties, however, the State may charge a
defendant with an offense in which he may not be the principal actor. 
See Tex. Pen. Code Ann. § 7.01(b) (Vernon 1994); Goff v. State, 931
S.W.2d 537, 544 (Tex. Crim. App. 1996). A trial court may charge on
the law of parties even though there is no such allegation in the
indictment. Rosillo v. State, 953 S.W.2d at 811. In the present case,
the jury charge authorized the jury to convict appellant if the evidence
reflected that he acted as a party rather than the principal actor.(6)





 A person commits murder if he intentionally or knowingly causes
the death of an individual. Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon
1994). A person commits capital murder if he intentionally commits the
murder in the course of committing or attempting to commit robbery. 
Tex. Pen. Code Ann. § 19.03(a)(2) (Vernon 1994). 

 The elements of a criminal attempt are: (1) a person (2) with
specific intent to commit an offense (3) does an act amounting to more
than mere preparation (4) that tends but fails to effect the commission
of the offense intended. Tex. Pen. Code Ann. § 15.01(a) (Vernon 1994);
Yalch v. State, 743 S.W.2d 231, 233 (Tex. Crim. App. 1988). If a person
attempts an offense that may be aggravated (here, murder), his conduct
constitutes an attempt to commit the aggravated offense if an element
that aggravates the offense accompanies the attempt. Tex. Pen. Code
Ann. § 15.01(b) (Vernon 1994). Thus, a person commits attempted
capital murder if he attempts to commit murder during the course of
committing or attempting to commit robbery.

 
To establish the underlying offense of attempted robbery, the State
was required to prove, at a minimum, that appellant had the specific
intent to commit robbery and that he committed an act amounting to
more than mere preparation for robbing the victim. See Tex. Penal Code
Ann. § 15.01(a); Maldonado v. State, 998 S.W.2d 239, 243 (Tex. Crim.
App. 1999). The elements for robbery are: (1) a person (2) in the course
of committing theft(7) (3) with the intent to obtain or maintain control of
the property (4) intentionally, knowingly, or recklessly (5) causes bodily
injury to another or places another in fear of imminent bodily injury or
death. See Tex. Pen. Code Ann. § 29.02 (Vernon 1994). The elements
for aggravated robbery are: (1) a person (2) commits robbery and (3)
uses or exhibits a deadly weapon. See Tex. Pen. Code Ann. § 29.03
(Vernon 1994). Proof of a completed theft is not required to establish
the underlying offense of robbery. Maldonado, 998 S.W.2d at 243. 
Thus, if the State introduced evidence from which the jury could
rationally conclude that appellant possessed the specific intent to obtain
or maintain control of the victim's property either before or during the
commission of the attempted murder, it has proven that the attempted
murder occurred in the course of robbery. See id. (citations omitted). 
In resolving this question, the requisite intent may be inferred from
circumstantial evidence and from the defendant's conduct. Id.

 Appellant contends there is no evidence he intended to murder
Alvarez and no evidence he assisted or conspired with anyone to
murder Alvarez.

 A person is criminally responsible as a party to an offense if the
offense is committed by his own conduct, by the conduct of another for
which he is criminally responsible, or by both. Tex. Pen. Code Ann. §
7.01(a) (Vernon 1994);(8)
 Rosillo, 953 S.W.2d at 812. 

 
The evidence is sufficient to support a conviction under the law of
parties where the actor is physically present at the commission of the
offense and encourages the commission of the offense either by words
or other agreement. Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim.
App. 1994); Rosillo, 953 S.W.2d at 814. The evidence must show that,
at the time of the offense, the parties were acting together, each
contributing to their common purpose. See Burdine v. State, 719
S.W.2d 309, 315 (Tex. Crim. App. 1986). In determining whether a
defendant participated in an offense as a party, the court may examine
the events occurring before, during, and after the commission of the
offense, and may rely on actions of the defendant that show an
understanding and common design to commit the offense. Ransom,
920 S.W.2d at 302; Rosillo, 953 S.W.2d at 814. Participation in an
enterprise may be inferred from the circumstances and need not be
shown by direct evidence. Rosillo, 953 S.W.2d at 814. Circumstantial
evidence may be sufficient to show that one is a party to the offense. 
Id.

 Viewing the evidence in the light most favorable to the
prosecution, on the evening of December 22, 1997, Alvarez was outside
his home talking to a friend, Jaime Pena, who had been visiting. 
Alvarez's wife, Idalia, was inside the house watching television. As
Pena was preparing to leave, a vehicle pulled up and a man later
identified as Gregorio Gutierrez got out and approached Alvarez. 
According to Alvarez, Gutierrez called him by name and when Alvarez
walked over, Gutierrez said, in Spanish, "Es que."(9) Then, Gutierrez
grabbed Alvarez around his neck, pointed the gun to his neck, and fired. 
Alvarez testified that the bullet entered his neck and came out the other
side. Another man ordered Alvarez to his knees and someone pulled up
his shirt and wrapped it around his face. The men demanded money,
drugs, and weapons. One of the men took Alvarez into the house,
where he was put in a bedroom. He could hear the men going through
the house. After about fifteen minutes, the men left. Alvarez ran
outside to catch a glimpse of the license plate, but collapsed. He was
taken to the hospital, where he was treated for the next four days. 
Alvarez testified his doctor told him that he came within a half inch of
being permanently paralyzed by the gunshot wound. 

 Alvarez testified the person who shot him was wearing a baseball
cap, and that it was not the appellant. Pena testified that appellant was
the driver of the vehicle and was wearing a black cowboy hat. Pena
testified that appellant got out, came up to him, and put a gun to his
head. Appellant ordered Pena to the ground, took his wallet, and then
told someone else to watch him and kill him if he moved. 

 Idalia Alvarez testified she was watching television in the bedroom
of her home when appellant, wearing a cowboy hat and carrying a gun,
entered the bedroom demanding money and jewelry. Appellant struck
her several times on the head with the gun and asked where the money
was. Appellant then put pillows and blankets over her head and began
going through drawers. Ms. Alvarez identified appellant as the person
who struck her with a gun. She testified that property stolen from the
home included a microwave, a rifle, jewelry, some clothing, and some
Christmas gifts. 

 Nora Gardner testified that on the afternoon of December 23,
1997, she was visiting at the home of her parents, the Garzas, in
Mission. Two men, one wearing a baseball cap and the other wearing
a black cowboy hat, burst into the home, put a gun to her head, and
demanded money and jewelry. The intruders ordered Ms. Gardner and
her mother into a bedroom and covered them with a comforter. 

 Apolonio Salinas, an employee of Mr. Garza, testified that he went
by the Garza home on the 23rd and saw a woman sitting in a red
Bonneville parked at the house. Salinas saw two men come out of the
house, get in the car, and drive away. One of the men was wearing a
black cowboy hat. Salinas identified appellant as the man in the
cowboy hat he saw leaving the Garza home.

 

 Esteban Caro, an investigator with the sheriff's department,
testified he investigated the incident at the Alvarez home on the 22nd
and was told that the vehicle involved was a maroon Bonneville. On
the afternoon of the 23rd, he received a radio bulletin that another
robbery had just occurred at the Garza residence and the vehicle
description matched the vehicle involved in the Alvarez robbery. Shortly
thereafter, a vehicle matching the description was spotted a few miles
from the Garza home. Two patrol units stopped the vehicle. Appellant,
his wife, and child were in the car. A rifle was lying in plain view in the
back seat. It was later determined that the rifle was stolen during the
Alvarez robbery. The officers advised appellant and his wife of their
rights. Appellant's wife led the officers to their residence, where she
consented to a search of the premises. The search revealed jewelry and
other property belonging to the Garza family, as well as jewelry,
Christmas gifts, and other property belonging to the Alvarez family. 

 After a thorough review of the record, we hold that there is
sufficient evidence from which a rational trier of fact could find appellant
guilty as a party to the offense of attempted capital murder. We
overrule appellant's third point of error.

Ineffective Assistance of Counsel


 In his first point of error, appellant contends he was denied
effective assistance of counsel. Appellant contends his counsel: (1)
failed to request a severance after appellant pleaded guilty to count one;
(2) failed to object to the testimony of witnesses as to count one; (3)
failed to preserve error on various issues, including warrantless search
and seizure of the house, illegal traffic stop, use of a suggestive photo
line-up, and the right to have counsel present at the photo line-up; and
(4) failed to object to the State amending the indictment to add an
enhancement paragraph at the punishment stage of the proceedings.

 We review ineffective assistance of counsel claims under the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), and
adopted by Hernandez v. State, 726 S.W.2d 53, 53-56 (Tex. Crim. App.
1986). That test requires the appellant to show that : (1) counsel's
performance fell below an objective standard of reasonableness under
prevailing norms; and (2) there is a reasonable probability that, but for
counsel's deficient performance, the result of the proceeding would
have been different. Strickland, 466 U.S. at 694; see Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We examine the totality
of the representation, as reflected in the record, in making this
determination. Jackson, 877 S.W.2d at 771. The appellant bears the
burden of proof and the appellate court applies a strong presumption
that counsel's actions fell within the range of reasonable professional
assistance. Id. 

 Consistent with Strickland, we must presume that counsel is
better positioned than the appellate court to judge the pragmatism of
the particular case, and that he made all significant decisions in the
exercise of reasonable professional judgment. Id. The record must
contain evidence of counsel's reasoning, or lack thereof, to rebut that
presumption. Id. A proper review of counsel's performance should
focus on a record specifically targeting the conduct of trial counsel. Id. 
at 772 (Baird, J., concurring). Such a record is best developed during
a hearing on application for writ of habeas corpus or motion for new
trial. Id. 

 Appellant first complains that his trial counsel was ineffective for
failing to request a severance after he pleaded guilty to count one. 
Specifically, appellant argues that his counsel should have sought a
severance in order to prevent the State from bringing prejudicial
evidence as to count one before the jury. In a closely related subpoint,
appellant complains his counsel was ineffective for failing to object to
the testimony of witnesses as to count one. 

 The State responds that counsel's failure to seek a severance was
sound trial strategy because severance would have subjected appellant
to the possibility of stacked sentences. The State also argues that
severance would not have prevented the admission of evidence
concerning count one because such evidence would have been
admissible under Texas Rule of Evidence 404(b) to prove motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident.

 Appellant's trial counsel testified at a hearing on appellant's
motion for new trial. Counsel testified regarding his trial strategy and
performance with respect to claims of ineffective assistance of counsel. 
The record is silent, however, with regard to the issue of severance. 
We decline to speculate as to why counsel conducted the trial as he did. 
See id. at 771. 

 

 Moreover, section 3.03 of the penal code provides, in pertinent
part: 

(a) When the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted
in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. Except
as provided by Subsection (b), the sentences shall run
concurrently.

 

Tex. Pen. Code Ann. § 3.03 (Vernon Supp. 2001).

Section 3.04 provides: 

(a) Whenever two or more offenses have been consolidated
or joined for trial under Section 3.02, the defendant shall
have a right to a severance of the offenses. 

 
(b) In the event of severance under this section, the
provisions of Section 3.03 do not apply, and the court in its
discretion may order the sentences to run either concurrently
or consecutively


Tex. Pen. Code Ann § 3.04 (Vernon Supp. 2001). A severance would
have subjected appellant to the imposition of stacked sentences. We
conclude counsel's failure to request a severance could have been
sound trial strategy. 

 Even if counsel had requested and obtained a severance,
prejudicial evidence as to count one likely would have been admissible
at appellant's trial on count two. As the court of criminal appeals has
noted,

Texas Rule of Criminal Evidence 404(b) states that evidence
of other crimes, wrongs, or acts is not admissible to prove
the character of a person to show action in conformity
therewith. But the "other crime, wrong, or act" may have
relevance "apart from character conformity; that it tends to
establish some elemental fact, such as identity or intent; that
it tends to establish some evidentiary fact, such as motive,
opportunity or preparation, leading inferentially to an
elemental fact; or that it rebuts a defensive theory by
showing, e.g., absence of mistake or accident." 


Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) (footnote
omitted) (citation omitted); see Tex. R. Evid. 404(b). Here, in looking at
the two incidents, a pattern emerges that implicates appellant in the
two aggravated robberies. The evidence as to the aggravated robbery
of Nora Gardner would have been admissible to prove plan and identity,
as well as to prove appellant's knowledge and intent that Alvarez would
be shot and possibly killed. We conclude that neither the failure to
request a severance nor counsel's failure to object to witness testimony
as to count one rendered his performance ineffective. 

 Next, appellant claims his counsel was ineffective because he
failed to preserve error on various issues, including warrantless search
and seizure of the house, illegal traffic stop, a suggestive photo line-up,
and the right to have counsel in attendance at the photo line-up. 
Appellant contends his "counsel shall [sic] have nonetheless re-urged
his Motion to Suppress when the court brought it up during the course
of the trial." In support, appellant cites only a single reference to the
record, in which the court denies appellant's motion to challenge
consent to the search and denies his motion for mistrial. 

 At the hearing on appellant's motion for new trial, counsel argued
that he "should have been more diligent in objecting" to the photo line-up. However, appellant's identity was not at issue. Counsel also
testified at the hearing that his trial strategy was to admit that appellant
was present, that he "participated in both events, but that he didn't
intend and he did not expect, was not involved in actually having
someone killed or plan to kill someone or shoot someone." We
conclude that counsel's failure to object to the photo line-up and failure
to assert a right to be present at the line-up did not constitute
ineffective assistance of counsel.

 The record at the hearing on the motion for new trial is silent
regarding any issues with respect to challenges to the legality of the
traffic stop or the consent to search the house. The record must
contain evidence of counsel's reasoning, or lack thereof, to rebut the
presumption that counsel exercised reasonable professional judgment. 
See Jackson, 877 S.W.2d at 771. 

 Finally, appellant contends his counsel was ineffective by "fail[ing]
to object to the amendment of the indictment as to an enhancement
paragraph at the punishment stage of the proceedings." Appellant
contends he "was aware that the State's amendment was coming in
after the trial on the merits had begun, [but that] he made no effort to
object to said amendment." The record does not support appellant's
contentions. The record shows that the State filed a motion for leave
to amend the indictment on October 16, 1998. On November 10, 1998,
appellant's counsel filed an objection to the State's motion. At a
hearing on November 17, 1998, appellant's counsel argued his
objection to the amendment. At the hearing, the court granted the
State's motion to amend, noting that the date of the hearing was "more
than ten days prior to beginning of the November 30th jury trial in this
matter." See Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989)
(amendment to indictment entitling defendant to ten-day notice). The
State's amendment occurred well before trial on the merits commenced
and counsel did object. We conclude appellant has not shown that he
did not receive effective assistance of counsel. We overrule appellant's
first point of error.

Admission of Evidence Pending Pre-trial Rulings


 By his second point of error, appellant contends the trial court
erred in admitting evidence prior to ruling on appellant's pretrial
motions. Appellant has provided no citations to the record showing
that he objected to the admission of any evidence pending the court's
rulings. Appellant notes in his brief that "[t]he court, with the
acquiescence of the parties decided to pick a jury and begin the trial,
with the plan to rule on said motions during the trial, but before any of
the evidence at issue would be admitted." (emphasis added). We hold
that appellant has failed to preserve this issue for our review. See Tex.
R. App. P. 33.1. We overrule appellant's second point of error.

 The judgment of the trial court is AFFIRMED. 



 
 LINDA REYNA YAÑEZ 
 Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

26th day of April, 2001.


 

 





1. Retired Chief Justice Robert Seerden assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998).
2. See Tex. Pen. Code Ann. §29.03 (Vernon 1994). The State alleged that the
robbery of Nora Gardner occurred on or about December 23, 1997.
3. See Tex. Pen. Code Ann. §§19.03(a), 15.01 (Vernon 1994). The State alleged
that the attempted capital murder of David Alvarez occurred on or about December
22, 1997. 
4. As noted, Gomez's third point asserts a challenge to the sufficiency of the
evidence to support his conviction for "the underlying offense (aggravated robbery)." 
He offers no argument or explanation in support of this assertion, and it is unclear
whether this aspect of his challenge is directed to the conviction in count one or the
underlying offense in count two. In his brief, appellant asserts he is appealing "his
convictions of Aggravated Robbery and Criminal Attempted Murder to this honorable
court." Because appellant pleaded guilty to count one (aggravated robbery of Nora
Gardner), and has offered no argument as to why his guilty plea and conviction on
count one should be reversed, we interpret the reference to "aggravated robbery" as
referring to the underlying offense in count two. Appellant offers no authority or
citations to the record in support of this aspect of his challenge. We hold appellant's
sufficiency challenge with respect to "the underlying offense (aggravated robbery)"
is inadequately briefed. See Tex. R. App. P. 38.1(h). 
5. The appellant in Cardenas was represented by the same counsel representing
the appellant in the present case. In Cardenas, as here, counsel waived his client's
factual sufficiency claim by failing to adequately brief the issue. See Cardenas, 30
S.W.3d at 386 n.2. 
6. The jury charge tracks the language of section 7.02 of the Texas Penal Code. 
Section 7.02 provides: 
(a) A person is criminally responsible for an offense committed by the
conduct of another if: . . . 
(2) acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs, aids or attempts to aid the other person
to commit the offense. . . 

(b) If, in the attempt to carry out a conspiracy to commit one felony,
another felony is committed by one of the conspirators, all conspirators
are guilty of the felony actually committed, though having no intent to
commit it, if the offense was committed in furtherance of the unlawful
purpose and was one that should have been anticipated as a result of
the carrying out of the conspiracy.

 
Tex. Pen. Code Ann. § 7.02 (a)(2), (b) (Vernon 1994).


 The charge also included an application paragraph, instructing the jury
on how to apply the law of parties to the facts in this case. 


 
7. The elements for theft are: (1) a person (2) unlawfully appropriates property
(3) with intent to deprive the owner of property. Tex. Pen. Code Ann. § 31.03(a)
(Vernon 1994).
8. Section 7.01 of the Texas Penal Code provides, in relevant part, as follows:

 
(a) A person is criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or by both. 
(b) Each party to an offense may be charged with commission of the offense.

 
Tex. Pen. Code Ann. § 7.01 (a), (b) (Vernon 1994).


9. The interpreter interpreted the phrase as "It's cause" or "it's that."